## LESTER *v.* ADDISON.

EXEMPTIONS—EXECUTION SALE—CONVERSION—EVIDENCE.

In trover against a sheriff for selling exempt property on exe-
cution, evidence examined, and *held* that, on plaintiff's own
showing, the property was not sold on execution, but on fore-
closure of a chattel mortgage, and that a verdict was prop-
erly directed for defendant.

Error to St. Joseph; Yaple, J. Submitted February
16, 1905. (Docket No. 172.) Decided February 28, 1905.

Trover by Bernard H. Lester and another against Will-
iam R. Addison. There was judgment for defendant on
a verdict directed by the court, and plaintiffs bring error.
Affirmed.

*George H. Arnold,* for appellants.

*R. R. Pealer* and *George E. Miller,* for appellee.

HOOKER, J. On July 5, 1901, execution was issued on
a judgment obtained by Ederheimer, Stein & Co. against
the plaintiffs. On July 5, 1901, this execution was levied
by Ammon Hahn, deputy sheriff under the defendant, up-
on a stock of goods owned by the plaintiffs, and on July
10th they were excluded from possession. On July 17th
the inventory and appraisement were completed, and plain-
tiffs were told to be on hand that afternoon to care for ex-
emptions. They came at the designated time and began
to take out exemptions, when the defendant announced
that he had a chattel mortgage upon all the goods, and
that he would not permit exemptions to be removed from
the store, whereupon no further attempt to select them
was made. Hahn set aside goods alleged to amount to
$510 for exemptions, and then sold the stock to the execu-
tion creditors for $25, subject to the exemptions and mort-

gage. An hour or so later the defendant sold all of the goods to Muncey at chattel mortgage sale, leaving a deficiency upon the mortgage. An action of trover was brought against the sheriff for the exemptions, and at the close of plaintiffs' evidence a verdict was directed for the defendant.

Upon the plaintiffs' own showing, their exemptions were not sold on execution, and were sold on the foreclosure of the mortgage. There was no unlawful conversion by the defendant. It is unnecessary to discuss other points.

No error is found, and the judgment is affirmed.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.